1  MICHAEL J. McCUE (Bar No. 6055)
   MMcCue@LRLaw.com
2  JOHN L. KRIEGER (Bar No. 6023)
   JKrieger@LRLaw.com
3  JONATHAN W. FOUNTAIN (Bar No. 10351)
   JFountain@LRLaw.com
4  LEWIS AND ROCA LLP
   3993 Howard Hughes Parkway, Suite 600
5  Las Vegas, Nevada  89169
   Tel: (702) 949-8200
6  Fax: (702) 949-8398

7  Attorneys for G4 Media
   G4 MEDIA, LLC
8

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| G4 MEDIA, LLC, a Delaware limited liability company,<br><br>            Plaintiff,<br><br>     v.<br><br>XPLAY LINKS, a business of unknown origin; ALEXANDRO TURCIOS, an individual,<br><br>            Defendants. | Case No. 2:11-cv-685<br><br>**ORDER ENTERING PRELIMINARY INJUNCTION** |

UPON CONSIDERATION of the motion filed by Plaintiff G4 Media, LLC ("Plaintiff" and/or "G4 Media") for a preliminary injunction, the supporting memorandum of points and authorities, the supporting declaration and evidence, the record in this case, and for other good cause shown;

THE COURT HEREBY FINDS THAT:

   1.   Plaintiff will suffer irreparable injury to its valuable trademarks and the associated goodwill if Defendants are not enjoined from transferring the <XPlayLinks.com> domain name, which contains Plaintiff's X-PLAY mark, to other domain name registrars or transferring registration of the domain names to other persons or entities;

   2.   Plaintiff will suffer irreparable injury to its valuable trademarks and the associated goodwill if Defendants are not enjoined from owning or using domain names containing the X-

PLAY mark.

3. Plaintiff is likely to succeed on the merits of its claims for cybersquatting;

4. The balance of hardships tips in favor of Plaintiff because issuance of the injunction would merely prevent Defendants from linking the <XPlayLinks.com> domain name, which is identical or confusingly similar to Plaintiff's X-PLAY mark, to active web sites, and would transfer registration of the <XPlayLinks.com> domain name to Plaintiff pending trial; failure to issue the injunction would cause Plaintiff to continue to suffer loss of control over its goodwill and reputation and deprive Plaintiff of the opportunity to use domain names containing its trademarks;

5. Issuance of the preliminary injunction would be in the public interest because it would protect consumers against deception and confusion arising from registration and/or use of Plaintiff's trademarks by an entity other than Plaintiff;

THEREFORE, IT IS HEREBY ORDERED THAT, pending a full trial on the merits:

A. Registration of the <XPlayLinks.com> domain name shall be immediately transferred to Plaintiff. The domain name registrar, Go Daddy.com, Inc., shall effectuate the transfer.

B. The hold and lock placed on the <XPlayLinks.com> domain name by GoDaddy.com, Inc. in accordance with the temporary restraining order shall remain in place during the pendency of this action.

C. Plaintiff shall not be required to post an additional bond because the evidence indicates that Defendants will only suffer, if at all, minimal damage by the issuance of this preliminary injunction, hence, the present bond of $100.00 will remain in effect.

ENTERED: this _ 12th day of May, 2011.

_____
UNITED STATES DISTRICT JUDGE